Brown v. United States                    CV-00-140-M    10/06/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Sean Brown,
     Petitioner

     v.                                      Civil No. 00-140-M

United States of America,
     Respondent


**O R D E R**


Petitioner seeks post-conviction relief, under 28 U.S.C. § 2255, on grounds that a search of his residence was not supported by probable cause, and his counsel did not adequately contest the warrant authorizing the search.

On March 26, 1999, petitioner pled guilty to two counts of an indictment charging him, respectively, with possession of crack cocaine and possession of heroin, with the intent to distribute it.  Petitioner's guilty pleas were providently entered, he was adjudged guilty, and was subsequently sentenced.

Before petitioner pled guilty, his counsel challenged the search of his residence by attacking the validity of the authorizing warrant and moving to suppress the seized evidence.

A hearing was held on petitioner's motion to suppress, evidence was offered, the issues were briefed, and the motion to suppress was denied by order dated January 29, 199[9] (document no. 46). At petitioner's plea hearing he not only freely admitted his guilt as to every essential element of each charge, but also expressed complete satisfaction with his counsel:

> THE COURT: Mr. Brown, are you satisfied with the representation of and the advice given to you by Mr. Lange in this case?
>
> MR. BROWN: Very much, your Honor.

Indeed, counsel also reserved petitioner's right to appeal the suppression ruling, notwithstanding the guilty pleas. An appeal was taken, and, by judgment dated December 1, 1999, the court of appeals held that "Even if we disregard the challenged statements [by the affiant], the remainder of the affidavit sets forth ample evidence to establish probable cause, including information from two confidential informants and multiple controlled purchases." United States v. Brown, No. 99-1836 (1st Cir. December 1, 1999).

Nevertheless, petitioner now makes conclusory allegations to the effect that counsel was ineffective in challenging the affidavit supporting the warrant application. Petitioner says

2

one of the informants referred to by the affiant later contradicted or denied statements attributed to him and/or made by the affiant in the supporting affidavit. But, petitioner says, the fact of that contradiction was not presented to the court by his counsel during the suppression hearing, despite petitioner's insistence at the time. But petitioner does not say what statements or facts were allegedly contradicted, or how those contradictions might have undermined probable cause. He merely asserts, in conclusory fashion, that one confidential informant (of two) supposedly told his counsel before the hearing (and has allegedly since executed an affidavit affirming) that he/she "denied the majority of the allegations made by the affiant in order to fabricate probable cause."

Petitioner's motion for relief must fail on the asserted grounds – ineffective assistance of counsel – because even if the referenced confidential informant testified at the suppression hearing in a way that "contradicted" or "denied" a "majority of the allegations made by the affiant," and even if those contradicted statements made by the affiant (whatever they are) are now disregarded, the affidavit still "sets forth ample

3

evidence to establish probable cause, including information from two confidential informants and multiple controlled purchases." Id. (emphasis added). See Franks v. Delaware, 438 U.S. 154 (1978).

To prevail on an ineffective assistance of counsel claim, petitioner would have to allege and eventually show that 1) under all of the circumstances counsel's performance fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668 (1984). "The Strickland test imposes 'highly deferential' judicial scrutiny of counsel's performance and 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (quoting Strickland, 466 U.S. at 689).

The Strickland test also applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52 (1985). Petitioner apparently challenges his conviction based on his pleas, for he seems to be arguing

4

(and must argue under <u>Strickland</u>) that had counsel not ineffectively handled the suppression matter, the evidence would have been suppressed, and he would not have pled guilty.

His difficulties are insurmountable, however. First, counsel not only litigated the issue competently, but even preserved petitioner's right to seek appellate review of the court's ruling, notwithstanding the later pleas. An appeal was taken and the court of appeals reviewed the sufficiency of the affidavit underlying the search warrant. Nothing petitioner has disclosed suggests that counsel's performance fell below an objective standard of reasonableness; certainly conclusory and unspecific claims that a confidential informant later denied or contradicted statements made by the affiant in some unspecified way do not serve to rebut the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

Secondly, petitioner does not assert, nor can he plausibly assert that he was prejudiced in some way by counsel's handling of the suppression issue, because, even if counsel's representation did fall below the applicable objective standard

5

for the reasons petitioner gives, that failure would not have affected the suppression ruling. Even if one confidential informant might have contradicted statements made by the affiant relevant to that informant's knowledge or participation, and the contradicted statements were ignored, probable cause to issue the warrant was nevertheless established. The evidence seized would not have been suppressed because, as the court of appeals explained:

> ". . . the remainder of the affidavit sets forth ample evidence to establish probable cause, including information from <u>two</u> confidential informants and <u>multiple controlled purchases</u>." [emphasis supplied].

The multiple controlled drug purchases described in the affidavit were sufficient to establish probable cause to search petitioner's apartment for controlled drugs.

Because the petition asserts no facts that could meet the "prejudice" aspect of the <u>Strickland</u> test, his ineffective assistance claim necessarily fails, and because the files and records of the case otherwise conclusively show that petitioner is entitled to no relief under Section 2255, his petition is **DISMISSED.**

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 6, 2000

cc:  Sean Brown
     Paul M. Gagnon, Esq.
     Peter E. Papps, Esq.